**PUERTO RICAN LEGAL DEFENSE AND EDUCATION FUND, INC., and Evelyn Corchardo, Plaintiffs,**

v.

**David GANTT, Co–Chairman of the New York State Legislative Task Force on Demographic Research and Reapportionment; Dean Skelos, Co–Chairman of the New York State Legislative Task Force on Demographic Research and Reapportionment; New York State**

Task Force on Demographic Research and Reapportionment; Saul Weprin, Speaker of the Assembly of the State of New York; Ralph Marino, Majority Leader of the New York State Senate; Mario Cuomo, Governor of the State of New York; Stanley Lundine, Lieutenant Governor of the State of New York; the Senate of the State of New York; the Assembly of the State of New York; the Board of Elections of the State of New York, Defendants.

Michael T. WARING, Plaintiff,

v.

David GANTT, Individually and as Co-Chairman of the Legislative Task Force on Demographic Research and Reapportionment; Dean Skelos, Individually and as Co-Chairman of the Legislative Task Force on Demographic Research and Reapportionment; the New York State Task Force on Demographic Research and Reapportionment; the Senate of the State of New York; the Assembly of the State of New York; the Board of Elections of the State of New York; Ronald Starkweather, Individually and as Commissioner of the Board of Elections of the County of Monroe; M. Betsy Relin, Individually and as Commissioner of the Board of Elections of the County of Monroe, Defendants.

Nos. CV–92–1521(SJ), CV–92–1776(SJ).

United States District Court, E.D. New York.

July 10, 1992.

Before: PRATT, Circuit Judge, and MARTIN, Jr. and JOHNSON, Jr., District Judges.

MEMORANDUM OF DECISION

In the last decision of this three-judge court, we approved the reapportionment plan recommended by the Special Master and provided that it would take effect on July 8, 1992, unless the state legislature's plan should become operative through pre-clearance by the Justice Department. Since that time, the Justice Department, by letter dated July 2, 1992, has granted pre-clearance by notifying the legislature's representatives that the Attorney General does not interpose any objection to the state's congressional redistricting plan and that it is satisfied that "this redistricting legislation was neither designed to discriminate against minority voters nor does it have a retrogressive affect on their voting rights."

By order to show cause dated July 6, 1992, plaintiffs have moved for a preliminary injunction designed to prevent implementation of the state's redistricting plan and seeking instead to implement the redistricting plan recommended by the Special Master and conditionally approved by this three-judge court. Memoranda in opposition to the motion were filed by the Senate Republicans and the Assembly Democrats. Upon the return of the motion before the three-judge panel on Thursday, July 9, 1992, all interested parties were given an opportunity to be heard.

Plaintiffs and others who represented members and groups of the New York City Latino community argued in favor of the Special Master's plan, contending that the state's plan did not sufficiently remedy prior dilution of the voting rights of Latinos, and therefore violated § 2 of the Voting Rights Act. Plaintiffs argued that their § 2 claim was asserted in the original complaint and continued to be viable under the existing complaint. In the event that the court should view the existing complaint as inadequate to support their present claim, plaintiffs moved orally to amend the complaint. Plaintiffs conceded that their § 2 claim was appropriate for a single district judge, but contended that it could also be entertained by this three-judge court. With respect to the motion for a preliminary injunction, plaintiffs argued that the dilution of their voting rights constituted irreparable harm and that the past history of discrimination against the New York City Latino voting community presented a sufficient showing of likelihood of success on the merits.

Defendants and others opposing the motion contended that plaintiffs were too late in seeking to enjoin implementation of the state's congressional redistricting plan when the political processes for designating candidates to the 31 districts around the state had already begun; that the public interest required that the November 1992 congressional elections go ahead on the plan that the state legislature had developed; that the present action, having been originally brought as a challenge to the 34–district congressional plan that applied during the past decade, was now moot because that plan was replaced by the 31–district state plan adopted by the legislature and approved by the governor, and that any challenge to the new state redistricting plan under § 2 of the Voting Rights Act should be brought before a single district judge in a new action that could be subjected to the normal litigation procedures of pretrial motions, discovery, and direct and cross-examination of witnesses, all unhampered by the severe time constraints imposed by the November 1992 election date.

After consideration of the prior proceedings in this action, of all the papers submitted on this motion, and of the oral arguments, and after due deliberation, IT IS ORDERED THAT:

1. Plaintiffs' motion, brought on by order to show cause dated July 6, 1992, seeking a preliminary injunction to implement the Special Master's congressional redistricting plan, is denied.

2. Plaintiffs' oral motion to amend the complaint is denied.

3. This action is dismissed as moot.

4. In denying the motions and dismissing the action, the court does not express or imply any opinion as to the merits of plaintiffs' claim that the state redistricting plan dilutes violated § 2 of the Voting Rights Act by diluting the voting power of the New York City Latino community.

5. The clerk shall enter an appropriate judgment dismissing this action as moot.

SO ORDERED.